**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1396
_____

ALFREDO RODRIGUEZ GUERRA,
                                            Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A203-579-477)
Immigration Judge:  Joseph T. Leonard

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 23, 2020
Before:  KRAUSE, MATEY, and ROTH, Circuit Judges

(Opinion filed: February 4, 2021)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se petitioner Alfredo Rodriguez Guerra petitions for review of a final order of removal. For the reasons detailed below, we will deny the petition.

Rodriguez Guerra is a citizen of Cuba. In 2019, he left Cuba and presented himself to Border Patrol officials in Texas. The Department of Homeland Security charged him with being inadmissible because he did not have a valid entry document. See 8 U.S.C. § 1182(a)(7)(A)(i)(I). An asylum officer determined that he possessed a credible fear of persecution in Cuba, the case was transferred to an Immigration Judge (IJ), and he filed an application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

At a hearing before the IJ, Rodriguez Guerra testified in support of his applications. He alleged that he had been arrested and beaten in Cuba on account of his political opinions. The IJ denied relief, concluding that Rodriguez Guerra had not testified credibly. Rodriguez Guerra appealed, and the Board of Immigration Appeals (BIA) affirmed the IJ's credibility determination.[1]

We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). In cases like this one, where "our Court is called to evaluate an IJ's credibility determination that has been adopted by the BIA, we do so with exceptional deference." Alimbaev v. Att'y Gen., 872 F.3d 188, 196 (3d Cir. 2017); see also 8 U.S.C.

---

[1] As an alternative ground, the IJ determined that the harm Rodriguez Guerra claimed to have suffered in the past did not rise to the level of persecution, but the BIA did not rely on that ground, so it is not before us. See Li v. Att'y Gen., 400 F.3d 157, 163 (3d Cir.

§ 1252(b)(4)(B) (stating that the Court must uphold the agency's credibility determination "unless any reasonable adjudicator would be compelled to conclude to the contrary").

We conclude that the agency's credibility determination was reasonable. As the BIA observed, Rodriguez Guerra testified inconsistently about his encounters with authorities. In his credible-fear interview, he stated that, "[i]n total," he had been threatened twice in Cuba, on December 5, 2018, and February 23, 2019. A.R. at 305. On the first occasion, he stated, he was fired from his job because he had expressed anti-government sentiments and refused to attend political meetings; he did not speak to police that day. See A.R. at 307. On the second occasion, he was taken to the police station, held overnight, threatened, and struck on the head with a baton. See A.R. at 307–08.

When Rodriguez Guerra testified before the IJ, his account was different. He first explained that his opposition to the Cuban government began toward the end of November 2018 when the country's new constitution was created. See A.R. at 148. Without explanation for the apparent timing discrepancy, he then testified that he was summoned by the police on September 23, 2018, and detained all day. See A.R. at 151, 153–54. He then testified that "the next time something happened" was February 23, 2019. A.R. at 155. The IJ asked Rodriguez Guerra if he had had any encounters with

2005).

3

police besides these two instances, and he answered "no." A.R. at 157. At the very end of his testimony, however, Rodriguez Guerra added that on December 5, 2018, the director of his company told him that he was going to inform the police about Rodriguez Guerra's anti-government activity. See A.R. at 164. The IJ asked why Rodriguez Guerra had not mentioned this earlier, and he said he remembered the other two dates the most. See A.R. at 165. On cross-examination, however, he added that on December 5, 2018, he went to the police station, where he was threatened, interrogated, and held almost all day. See A.R. at 172–73.

Thus, as the BIA stated, there are important inconsistencies in Rodriguez Guerra's statements. First, in his credible-fear interview, he did not mention the September 23, 2018 incident. Since this incident was important to his claim, it was reasonable for the BIA to have expected him to raise it. See Xie v. Ashcroft, 359 F.3d 239, 243 (3d Cir. 2004); Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003) (en banc). Moreover, at his credible-fear interview, Rodriguez Guerra discussed two incidents, the first of which was being fired on December 5, 2018. He said that he did not speak to police that day. Meanwhile, when he testified before the IJ, he initially did not refer to the December 5, 2018 incident at all. During cross-examination, however, he claimed that he had been detained by police on December 5. Again, this is something that he could have been expected to mention on direct examination and in his credible-fear interview.

Rodriguez Guerra argues that the agency improperly relied on his credible-fear

4

interview in making an adverse credibility determination.  We have discounted

statements from such interviews when there was a specific reason to view the interview

as unreliable.  See Fiadjoe v. Att'y Gen., 411 F.3d 135, 159 (3d Cir. 2005) (so concluding

where the alien was in a state of shock at the time of the interview and was "unable to

discuss the shameful and taboo incidents of incestuous rape" in front of a male

interviewer); Korytnyuk v. Ashcroft, 396 F.3d 272, 290 (3d Cir. 2005) (so concluding

when the record did not contain a copy of the interview).  Those types of concerns are not

present here: the record contains a transcript of the interview, see A.R. at 300–13;

Rodriguez Guerra testified that he had no problems communicating with the asylum

officer, see A.R. at 181; and there is no indication that the interview was hostile or unfair.

Therefore, we conclude that the BIA did not err in relying on inconsistencies between the

answers Rodriguez Guerra provided in this interview and at the hearing.  See generally

He Chun Chen v. Ashcroft, 376 F.3d 215, 224 (3d Cir. 2004).

Rodriguez Guerra has thus failed to show that "any reasonable adjudicator would

be compelled to conclude" that he was credible.  8 U.S.C. § 1252(b)(4)(B).[2]  This

credibility determination is dispositive of each of Rodriguez Guerra's applications.  See

Dia, 353 F.3d at 247; see also Zheng v. Gonzales, 417 F.3d 379, 383 (3d Cir. 2005).

---

[2] It was also reasonable for the BIA to conclude that Rodriguez Guerra's corroborating
evidence, although generally supportive of his claims, was not so persuasive as to
rehabilitate Rodriguez Guerra's inconsistent testimony or independently establish an

5

Accordingly, we will deny the petition for review.